IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RONALD G. JOHNSON, :
:
        Plaintiff, :
:
v. : Civ. No. 10-1149-LPS
:
MICHAEL CLENDANIAL, et al., :
:
        Defendants. :

Ronald G. Johnson, Wilmington, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

September 13, 2011
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Ronald G. Johnson ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.[1] At the time he filed the complaint, Plaintiff was incarcerated at the Central Violation of Probation Center in Smyrna, Delaware. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5, 9) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

## II. BACKGROUND

The Complaint, filed December 29, 2010, alleges that Plaintiff was refused good time and is being held illegally and unconstitutionally "longer in jail." He seeks compensatory damages for his loss of liberty. Plaintiff notified the Court on January 19, 2011 of his release from prison. (D.I. 6)

## III. LEGAL STANDARDS

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most

---

[1]Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

favorable to a *pro se* plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(I) and § 1915A(b)(l), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(l) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, ___U.S.___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare

recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *See id.* The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. *See id.* at 210-11. Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 211. In other words, the Complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 129 S.Ct. at 1949. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## IV. DISCUSSION

Plaintiff named the Delaware Bureau of Prisons ("BOP") as a defendant. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). Plaintiff's claim against the BOP is barred by the State's Eleventh Amendment immunity. *See MCI Telecom. Corp. v. Bell Atl. of Pa.*, 271 F.3d 491, 503 (3d Cir. 2001).

Therefore, the Court will dismiss as frivolous the claims against the BOP pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

V. **CONCLUSION**

For the above reasons, the Court will dismiss the claims against the BOP as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff will be allowed to proceed against the remaining defendants.[2]

An appropriate Order follows.

---

[2] While there is no federal constitutional right to good time credits, *see Wolff v. McDonnell*, 418 U.S. 539, 557 (1974), a prisoner has the right to be released from his sentence, and detention beyond the termination of the sentence may be in violation of the Eighth Amendment, *see Sample v. Diecks*, 885 F.2d 1099, 1108 (3d Cir. 1989).