IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RONALD JOHNSON, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 10-1149-LPS |
| MICHAEL CLENDANIAL, et al., | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

At Wilmington this 6th day of September, 2012:

Having considered Plaintiff's pending motions (D.I. 17, 18, 19, 20),

IT IS HEREBY ORDERED THAT:

1. Plaintiff, Ronald Johnson ("Johnson"), a former inmate at the Howard R. Young Correctional Institution in Wilmington, Delaware, filed this lawsuit pursuant to 42 U.S.C. §§ 1983 and 1986, alleging violations of his civil rights.[1] Johnson appears pro se and has been allowed to proceed in forma pauperis. (D.I. 5)

2. Pending before the Court are Johnson's motion to reopen case and for mental evaluation (D.I. 17), motion to stay (D.I. 18), motion to strike response to defendant's motion for summary judgment (D.I. 19), and second motion to reopen case, request for counsel, for reconsideration, and for a competency hearing (D.I. 20).

---

[1] On July 16, 2012, Johnson filed change of address, stating he is no longer incarcerated, has been homeless for the past thirty days, and has no address to receive mail. (D.I. 25) To date, he has not provided a mailing address.

3. On March 30, 2012, the Court dismissed this case for Johnson's failure to serve Defendants. (*See* D.I. 13) Johnson filed a motion for reconsideration on May 4, 2012, and the Court reopened the case on June 4, 2012. (*See* D.I. 14, 21) In the interim, Johnson filed several motions, most of which are moot. In addition, Johnson requests counsel and a mental evaluation. (D.I. 20)

4. Johnson states that he never recovered from a mental defect or disease and continues to suffer from the condition. Federal Rule of Civil Procedure 17(c)(2) provides that "[t]he court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." The United States Court of Appeals for the Third Circuit has determined that the district court has a responsibility, under Rule 17(c)(2), to inquire sua sponte into whether a pro se litigant is incompetent to litigate his action and is, therefore, entitled to appointment of either a guardian ad litem or other measures to protect his rights. *See Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012).

5. The Court considers whether Rule 17(c) applies "[i]f a court [is] presented with evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court receive[s] verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent." *Id.* The Court "need not inquire sua sponte into a pro se plaintiff's mental competence based on a litigant's bizarre behavior alone, even if such behavior may suggest mental incapacity." *Id.* at 303. The decision whether to appoint a next friend or guardian ad litem rests with the sound discretion of the district court. *See id.* at 303.

6. In the instant action, Johnson makes allegations of mental illness, but he has not

submitted any verifiable evidence of incompetence.[2] Thus, the Court has no duty to conduct a sua sponte determination of competency under Rule 17(c)(2).

7. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel.[3] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *See Tabron*, 6 F.3d at 155.

8. After passing this threshold inquiry, the Court considers a number of factors when assessing a request for counsel. Factors to be considered in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See*

---

[2]In his numerous other cases, Johnson has submitted a letter from Debbie Snyder ("Snyder"), a therapist at Connections Community Support Programs ("Connections"), dated June 29, 2010, stating that Johnson is a client of Connections outpatient clinic and is compliant with his appointments. (*See* Civ. No. 09-007-LPS, D.I. 28) Connections is a not-for-profit organization that provides community-based housing, health care, and employment services in Delaware. *See* www.connectionscsp.org. Snyder does not indicate what services were provided to Johnson at that time. Johnson has been in and out prison since the date of the letter. It is unknown if he continues to receive services at Connections. In addition, Johnson submitted documentation from the Social Security Administration, dated April 21, 2010, indicating that he receives Supplemental Security Income payments, but the document does not indicate the reason for the award of benefits. (*Id.*)

[3]*See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) – now § 1915(e)(1) – does not authorize federal court to require unwilling attorney to represent indigent civil litigant).

*Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. This list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

9. After reviewing Johnson's requests, the Court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. To date, the filings in this case demonstrate Johnson's ability to articulate his claims and represent himself. In addition, in Civ. No. 09-299-LPS, the Court was provided with a transcript of a preliminary hearing wherein Johnson refused counsel and proceeded pro se. The transcript shows Johnson's ability to represent himself in open court, even to the extent that he cross-examined a witness in an effective manner. In these circumstances, the Court will deny without prejudice to renew Johnson's requests for counsel.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. The motion to reopen case and for mental evaluation (D.I. 17) is DENIED as moot.

2. The motion to stay (D.I. 18) is DENIED as moot.

3. The motion to strike response to Defendant's motion for summary judgment (D.I. 19) is DENIED, as a summary judgment motion has not been filed.

4. The second motion to reopen case is DENIED as moot, request for counsel is DENIED without prejudice to renew, motion for reconsideration is DENIED as moot, and request for a competency hearing is DENIED. (D.I. 20)

5.  Because Plaintiff has not provided a mailing address, the Clerk of Court is directed to hand deliver a copy of the Memorandum Order to Plaintiff should he present at the Office of the Clerk.

                                                 _____
                                                 UNITED STATES DISTRICT JUDGE